IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRAM ROGERS and<br>JESSICA ROGERS, | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:12-CV-3872-M-BK |
| | § | |
| THE BANK OF NEW YORK<br>MELLON fka THE BANK OF NEW<br>YORK AS TRUSTEE FOR THE<br>CERTIFICATE HOLDERS OF CWABS,<br>INC. ASSET-BACKED CERTIFICATES,<br>SERIES 2004-2 and BANK OF<br>AMERICA N.A., | § § § § § § § § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSION AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. The Court now considers *Defendants' Motion to Dismiss and Brief in Support of Same* (Doc. 4). For the reasons discussed below, it is recommended that Defendant's motion to dismiss be **GRANTED,** and that Plaintiffs' alternate request for leave to amend also be **GRANTED**.

## **BACKGROUND**

On or about December 9, 2003, Plaintiffs executed a note in favor of America's Wholesale Lender, and delivered a deed of trust in order to purchase the property at issue. (Doc. 1-1 at 5). On August 31, 2012, in response to the threatened foreclosure of their property, Plaintiffs filed a petition in state court against Defendants Bank of New York Mellon as trustee for the certificate-holders of CWABS, Inc., Asset-Backed certificates, series 2004-2 ("BONY") and Bank of America ("BOA") to quiet title, and for a temporary restraining order to stop the

foreclosure sale and prevent their eviction, a temporary injunction, and declaratory relief. *Id., passim.*

Plaintiffs dispute MERS's designation as "original mortgagee" on the Notice of Substitute Trustee Sale. *Id.* Plaintiffs also claim that MERS was not a party to the original Note, and therefore lacks a beneficial interest in the Note. *Id.* Plaintiffs assert there is a lack of evidence of the Note's assignment from American's Wholesale Lender to MERS. *Id.*

Plaintiffs additionally urge that Defendant BONY, as trustee, is the true party in interest as to the Note. *Id.* at 6. Plaintiffs dispute Defendant BONY's foreclosure of their property, however, alleging that Defendant BONY violated the terms of the Trustee Agreement contained in the Pool and Servicing Agreement ("PSA"), as well as provisions of the Internal Revenue Code, when attempting to claim ownership of Plaintiffs' Note and Deed of Trust.[1] *Id.* at 7. Specifically, Plaintiffs claim the Trustee violated the strict terms of the Trust Agreement by failing to transfer all assets to the Trust on or before its closing date of March 30, 2004. *Id.* Plaintiffs contend that the Trustee did not timely acquire Plaintiffs' Note by March 30, 2004, as it is still being held by America's Wholesale Lender or by MERS through an allegedly fraudulent assignment. *Id.* Plaintiffs conclude that, consequently, the property was not properly transferred to the Trust, and therefore, "neither the Trust nor Defendant trustee could declare a default, accelerate the debt, appoint a substitute trustee, or attempt to conduct a substitute trustee's sale." *Id.* at 8.

On September 25, 2012, Defendants removed the case to this Court. (Doc. 1). In their *Motion to Dismiss* under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed October 2,

---

[1] Plaintiff also alleges that the Trust is "a New York common law trust formed to act as a "REMIC" (real estate mortgage investment conduit) trust pursuant to the U.S. Internal Revenue Code. (Doc. 1-1 at 6).

2012 (Doc. 4), Defendants argue that Plaintiffs' *Original Petition* must be dismissed because (1) Plaintiffs failed to tender the debt due and, thus, have unclean hands; (2) MERS is a valid beneficiary with authority to foreclose; (3) Plaintiffs lack standing to challenge the MERS assignment of the Note, the terms of PSA/Trust Agreement, or the securitization of their loan; and (4) Plaintiffs fail to state a claim to quiet title. (Doc. 4, *passim*).

## APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id.*

## ARGUMENT AND ANALYSIS

*A. Plaintiffs' Standing*

Defendants argue that Plaintiffs lack standing to challenge the assignment of the Note to MERS because Plaintiffs were not a party to the assignment, the PSA, or the securitization of their loan. (Doc. 4 at 9). Plaintiffs respond that Defendants' argument "mischaracterizes [their] pleadings." (Doc. 8 at 3). Plaintiffs contend that although a portion of their argument disputes the existence of a valid assignment of Plaintiffs' Note and Deed of Trust to MERS, they are not

3

attempting to invalidate any assignment. *Id.* at 4. Rather, Plaintiffs urge that they are seeking "determinations of the rights of Defendants as they relate to Plaintiffs and their property (i.e. whether [Defendants] have a right to conduct a substitute trustee's sale)." *Id.* Plaintiffs allege the transaction in which the assets of the Plaintiffs' Note and Deed of Trust were purportedly acquired did not comply with the terms of the Trust's PSA and, therefore, the transfer was void for exceeding the Trust's authority. *Id.* at 5. Plaintiffs contend that Defendants advance a merit-based argument regarding the MERS's assignment that is not appropriate for a Rule 12(b)(6) motion. *Id.* at 8-9.

Plaintiffs' arguments are not persuasive. Plaintiffs contend they do not allege an invalid assignment to MERS, but then do just that by challenging Defendants' authority to foreclose on the basis of a breach of the PSA. In essence, Plaintiffs are advancing a breach of contract claim.

Under Texas law, a party alleging a breach of contract must establish his privity to the agreement or that he is a third-party beneficiary. *Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 210 (Tex. App. 2010, no pet.). In an analogous case, this Court held that the plaintiffs lacked standing to challenge the alleged breach of the PSA because they failed to plead "facts that allow[ed] the court to draw the reasonable inference that they are privity with or are third-party beneficiaries of the PSA." *Metcalf v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) (collecting cases). The circumstances and thus, the conclusion, are the same here. Plaintiffs' claim challenging the assignment of the Note and/or Deed of Trust because the initial transfer of the same to the Trust violated the terms of the PSA should be dismissed with prejudice for failure to state a cognizable claim. Additionally, to the extent that Plaintiffs challenge the subsequent assignment of the Note and/or Deed of Trust to MERS, such claim must likewise be dismissed for lack of standing. *See*

4

*See DeFranceschi v. Wells Fargo Bank, N.A.,* 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) (Means, J.) ("Plaintiffs do not have standing to challenge the assignment [to MERS] because they were not party to those assignments.") (citing *Eskridge v. Federal Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. 2011)).

## B. Quiet Title

As a preliminary matter and contrary to Defendants' argument, Plaintiffs' failure to allege that they have tendered the amount due on the mortgage is not fatal to their claim to quiet title. *See Warren v. Bank of Am., N.A.*, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012) (Ramirez, M.J.) (while Texas courts have held that tender is a necessary condition for an action to <u>recover</u> title, there is no legal basis to conclude that it is a necessary condition for an action to <u>quiet</u> title) (citing *Giles v. Bank of Am., N.A.*, 2012 WL 1038581, at *4 (W.D. Tex. Mar. 27, 2012). Nonetheless, Defendants' other arguments relating to dismissal of this claim are sound.

To prevail on a suit to quiet title, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App. – Texarkana 1991). Moreover, as is most important to the issue here, the plaintiff in a quiet title action must recover on the strength of his own title, not on the weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001).

Plaintiffs argue that they have pleaded a plausible quiet title claim, based on the strength of their own title by asserting that they are the owners of the subject property.[2] (Doc. 8 at 10). Plaintiffs further urge that "there are clear facts showing superior title from a common source and/or title by prior possession with proof that possession was not abandoned." *Id.* at 11. Defendants argue, *inter alia*, Plaintiffs' quiet title claim is merely based on their challenges to Defendant's title. (Doc. 4 at 9). Defendants insist that Plaintiffs have not pled that they have superior title to the property over Defendants. *Id.* at 10.

Recently, this Court dismissed a similar quiet title action. *See Olaoye v. Wells Fargo Bank, N.A.,* 2012 WL 1082307, at *3 (N.D. Tex. 2012) (Means, J.) (finding the complaint devoid of facts indicating that the plaintiff had superior title to the property and dismissing the plaintiff's suit to quiet title where the plaintiff made only a conclusory statement that he was the legal and equitable owner of the property and his theory as to why the foreclosure sale should be voided was meritless). As in *Olaoye*, Plaintiffs here support their quiet title claim by conclusory assertions that they are the legal and equitable owners of the property in question.

Moreover, as previously discussed at length herein, Plaintiffs' contend Defendants' title is invalid or unenforceable because the transfer to the Trust violated the terms of the PSA, and that the subsequent transfer to MERS was also invalid. Again, Plaintiffs' arguments lack merit. *See Metcalf*, 2012 WL 2399369, at *4 ("it is unclear under Texas law that the assignment [of the note or deed of trust] becomes *invalid* merely because it conflicts with the PSA, [or] was made after the Trust was closed") (emphasis in original) (citing *Long v. One W. Bank, FSB*, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24, 2011) (noting that "Plaintiffs have also not cited any precedent

---

[2] Plaintiffs rely on the recitation in their Original Petition that "Plaintiff [sic] is the owner of the property located at 4862 Autumn Hill Drive, Grand Prairie, Texas 75052, in Dallas County . . . under a deed thereto recorded in the office of the Dallas County Clerk." (Doc. 1-1 at 5; Doc. 8 at 11).

6

holding that an assignment is invalid simply because it conflicts with a PSA and it is irrelevant to the validity of the assignment whether or not it complied with the PSA").

Because Plaintiffs' allegations are not factually sufficient to support a quiet title claim, this claim should also be dismissed with prejudice.

## C. Declaratory Relief

Defendants argue Plaintiffs have failed to state a claim upon which relief can be granted that could support a declaratory judgment. *Id.* Plaintiffs counter that their request for declaratory relief is proper because there exists an actual controversy regarding Defendants' rights to foreclose on Plaintiffs' property. (Doc. 8 at 9-10).

The availability of a declaratory judgment depends upon the existence of a judicially-remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). While Plaintiffs have alleged the potential for the irreparable and imminent injury of losing their home, for the reasons previously discussed, they have failed to plead claims on which there is a substantial likelihood of success on the merits, or the existence of a judicially-remediable right. Thus, Plaintiffs' claims for declaratory relief should also be dismissed.

## D. Leave to Amend

Plaintiffs have alternatively requested the opportunity to amend their original complaint should the Court find their claims to be insufficiently pled. (Doc. 8 at 11). They argue that their request is reasonable because the case is still in its early stages, and the case was originally filed in state court, which has different pleading standards. *Id*.

Because Plaintiffs have not yet been given the opportunity to amend their pleadings, and have requested the chance to do so, the Court should grant their request. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567–68 (N.D.Tex.2005) (Fitzwater, J.) ("district courts

7

often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal") (internal quotation marks and citation omitted). Thus, it is recommended that leave to amend be **GRANTED**.

## CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss* (Doc. 4) should be **GRANTED** to all claims. Plaintiffs' alternative request for leave to amend should also be **GRANTED.**

**SO RECOMMENDED**, February 15, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE